UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK A. REYES, JR., | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:13-CV-1971 |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| CAROLYN W. COLVIN, | : | |
| ACTING COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |

## **MEMORANDUM**

Before the court are Plaintiff's Objections (Doc. 22) to the Report and Recommendation of Magistrate Judge Gerald B. Cohn (Doc. 20) filed on August 31, 2015. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge and will affirm the Decision of the Commissioner of Social Security.

BACKGROUND

On June 10, 2009, Plaintiff, Frank A. Reyes, Jr., filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also filed a Title XVI application for supplemental security income. Plaintiff alleges disability beginning on May 22, 2009. The claims were denied initially on September 29, 2009. Plaintiff filed a request for a hearing, which was held on October 21, 2010, before an Administrative Law Judge. On March 7, 2011, the Administrative Law Judge issued a Decision denying Plaintiff's applications for benefits, finding that Plaintiff was not disabled. Plaintiff sought review of the Administrative Law Judge's decision by the Appeals Council. On June 26, 2013, the Appeals Council denied Plaintiff's request for review.

On July 25, 2013, Plaintiff filed a complaint in the instant action appealing the final decision denying his applications for Social Security Disability Insurance Benefits and for Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §401-433, 1381-1383(f). An Answer to the complaint, along with the Administrative Record, was filed on November 19, 2013 (Docs. 10 and 11). Appropriate briefs were filed. The action was referred to the Magistrate Judge on June 23, 2015.

On August 31, 2015, the Magistrate Judge filed a very thorough Report and Recommendation (Doc. 20), recommending that the final decision of the Commissioner of Social Security, denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income, be affirmed, and that Plaintiff's Appeal be denied. Specifically, the Magistrate Judge concluded that the Administrative Law Judge's decision was supported by substantial evidence.

On September 7, 2015, Plaintiff filed Objections (Doc. 22) to the Magistrate Judge's Report and Recommendation. Defendant filed a Response (Doc. 24) to the Plaintiff's Objections on September 18, 2015.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a <u>de novo</u> determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(c); <u>see</u> <u>Sample v. Diecks,</u> 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is <u>de novo</u>, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. <u>United States v. Raddatz,</u> 447 U.S. 667, 676 (1980); <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

Initially, we note that the Magistrate Judge has set forth the Standard of Review, which the court must utilize in reviewing a decision of the Administrative Law Judge, as well as the five-step disability evaluation process which must be used by the Administrative Law Judge. We will adopt these legal standards, as set forth by the Magistrate Judge.

The Magistrate Judge discusses Plaintiff's evidence, which was presented at the October 21, 2010 hearing before the Administrative Law Judge regarding Plaintiff's life and work history. The Magistrate Judge also reviews Plaintiff's relevant treatment history and the medical opinions of record, and the Administrative Law Judge's evaluation of the medical evidence. The Magistrate Judge found the Administrative Law Judge's evaluation of the medical evidence to be appropriate. The Magistrate Judge also discusses medical evidence, which was submitted after the March 2011 Administrative Law Judge decision. The Magistrate Judge concluded that the Administrative Law Judge made the required specific findings of fact in determining whether Plaintiff met the criteria for disability and that the findings were supported by substantial evidence.

In the Objections to the Report and Recommendation, the Plaintiff argues that the Administrative Law Judge did not evaluate the medical opinion evidence of record properly and did not articulate how all medical impairments shown by the record were evaluated. Specifically, Plaintiff discusses the GAF score of 50 as opinion evidence and states that the Administrative Law Judge misrepresented the opinions of Dr. Aikins and Dr. Abboud, by finding that Plaintiff was able to work, when Plaintiff asserts that they found the opposite.

The Plaintiff also argues that the Administrative Law Judge did not address the medical impairments of ADHD or Anti-Social Personality Disorder or articulate why they were rejected. The Plaintiff asserts that the Administrative Law Judge

could not exclude ADHD and Anti-Social Personality Disorder when assessing Plaintiff's medically determinable impairments.

In response to Plaintiff's Objections, Defendant asserts that Plaintiff's argument involving Plaintiff's GAF score of 50 was waived. However, Defendant argues that even if Plaintiff's argument was not waived, it lacks merit. Defendant argues that Dr. Aikins and Dr. Abboud performed a one time evaluation and were not treating physicians, and that the Administrative Law Judge gave significant, but not controlling, weight to the September 2010 evaluation performed by Dr. Aikins and Dr. Abboud. The Administrative Law Judge determined that the evaluation performed by Dr. Aikins and Dr. Abboud indicated that Plaintiff was employable even with a GAF score of 50 in that they made specific recommendations regarding the type of work that Plaintiff could perform. Defendant also challenges the viability of the GAF scale.

Defendant next addresses Plaintiff's challenge to the Administrative Law Judge's non-specific finding as to ADHD and Anti-Social Personality Disorder. Defendant argues that the Administrative Law Judge properly focused on functional limitations, rather than diagnoses alone. Defendant also asserts that the Administrative Law Judge also fully took into consideration the neuropsychological evaluation performed by Dr. Aikins and Dr. Abboud in September 2010, which discusses ADHD, and that the Administrative Law Judge also took into account the other medical evaluations of Plaintiff.

We agree with the Magistrate Judge that the Administrative Law Judge properly evaluated the medical evidence of record. In particular, the Administrative Law Judge's evaluation of the September 20, 2010 neuropsychological evaluation of Dr. Aikins and Dr. Abboud, indicates the following:

> The doctor noted that the claimant did not take his medication during the testing administration yet did not appear to struggle with symptoms of hyperactivity. He did engage in some impulsive, careless responses, and failed to give attention to detail on occasion. He obtained a Full

> Scale IQ of 77. There was not a significant difference between his Full Scale IQ and his General Ability Index. When administered the Barkley Screen for ADHD, while not appearing hyperactive, he answered questions impulsively and carelessly. He tended to give up easily and became more careless as he fatigued during administration. He endorsed seven symptoms related to inattention and eight symptoms related to hyperactivity. He also endorsed a significant amount of symptoms related to oppositional defiant disorder and anger management issues. The doctor noted that the results were obtained without medication. In executive functioning, claimant did not appear careless or impulsive, but rather demonstrated slowed processing speed and some confusion regarding following directions, which the doctor opined could be attributed to borderline intellectual functioning. The results of the Personality Assessment Inventory suggested exaggerated complaints and problems, likely the result of confusion or careless responding. Results of the Beck Depression Inventory were in the severe range with reported suicidal ideation. He scored in the moderate range on the Beck Anxiety Inventory. Claimant's Global Assessment Function was assessed at 50, indicating severe symptoms (41-50). Claimant's achievement abilities were consistent with his overall intellectual abilities; therefore, there was no learning disability. Although Claimant had a history of ADHD, the doctor stated that the results of his intellectual, memory, and achievement testing did not adequately support the diagnosis. His working memory abilities were well within his overall intellectual abilities. He did not appear to struggle excessively with symptoms of physical hyperactivity. Recommendations were that the claimant attend the York Technical Institute for computer program/repair, with accommodations and outpatient psychological treatment. If he was not successful, then recommendation was for a skills based profession that did not require additional education.

(TR 20); See also, Doc. 20, p. 32.

The Magistrate Judge determined that the Administrative Law Judge sufficiently addressed Plaintiff's GAF score in totality with the other medical evidence of record. Moreover, the Magistrate Judge found that the Administrative Law Judge properly evaluated Plaintiff's limitations as to ADHD and Anti-Social Personality Disorder in reaching her determination that Plaintiff is not disabled. We agree.

After reviewing the instant record, and, in particular, the Decision of the Administrative Law Judge (TR 14-23), we agree with the Magistrate Judge that the Administrative Law Judge's Decision appropriately addresses the medical evidence of record and is supported by substantial evidence. Accordingly, we will adopt the Recommendation and we will affirm the Decision of the Commissioner of Social Security. An appropriate Order follows.